**DAVID v. FERGUSON**

[160 N.C. App. 89 (2003)]

ROBERT ANTHONY DAVID, PLAINTIFF v. SHARON ALICIA FERGUSON, DEFENDANT

No. COA02-84-2

(Filed 19 August 2003)

**Child Support, Custody, and Visitation— custody—illegitimate child—best interest standard**

On remand from the Supreme Court, the Court of Appeals reconsidered *David v. Ferguson*, 153 N.C. App. 482, and held that the trial court had correctly applied the best interest of the child standard rather than the common law presumption in favor of the mother in awarding joint custody of the parties' illegitimate children.

On remand by order of the Supreme Court in *David v. Ferguson*, 357 N.C. 452, —— S.E.2d ——, remanding the unanimous decision of the Court of Appeals in *David v. Ferguson*, 153 N.C. App. 482, 571 S.E.2d 230 (2002) for reconsideration in light of the Supreme Court's opinion in *Rosero v. Blake*, 357 N.C. 193, 581 S.E.2d 41 (2003). Case originally appealed by defendant from order entered 21 June 2001 by Judge Christopher W. Bragg in Richmond County District Court.

*Deane, Williams & Deane, by Jason T. Deane, for plaintiff-appellee.*

*Henry T. Drake for defendant-appellant.*

BRYANT, Judge.

This case comes before us on remand from the North Carolina Supreme Court for reconsideration of our decision in light of its holding in *Rosero v. Blake*, 357 N.C. 193, 581 S.E.2d 41 (2003) that the common law presumption in favor of awarding custody to the mother of an illegitimate child has been abrogated by statutory and case law. *Id.* at 199, 581 S.E.2d at 45; *see* N.C.G.S. § 50-13.2(a) (2001).

In the case *sub judice*, defendant-mother contended the trial court had erred by applying the best interest of the child standard in awarding joint custody of the parties' illegitimate children instead of using the common law presumption. This Court agreed with defendant and reversed and remanded the case based on what was then binding precedent established by the Court of Appeals in *Rosero*, which recognized the existence of the presumption in favor of the

mother. *David v. Ferguson,* 153 N.C. App. 482, 571 S.E.2d 230 (2002); *Rosero v. Blake,* 150 N.C. App. 250, 563 S.E.2d 248 (2002). The Supreme Court's recent decision in *Rosero,* however, reversed the Court of Appeals decision and held that:

> the father's right to custody of his illegitimate child is legally equal to that of the child's mother, and, as dictated by section 50-13.2, if the best interest of the child is served by placing the child in the father's custody, he is to be awarded custody of that child.

*Rosero,* 357 N.C. at 208, 581 S.E.2d at 50.

Having reconsidered *David v. Ferguson* in light of the above holding, we now conclude that the trial court applied the correct standard as between the parents of an illegitimate child. Accordingly, we reverse our initial holding and affirm the trial court's custody order.

Affirmed.

Judges McCULLOUGH and TYSON concur.